**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE:<br><br>**BUCKHEAD PROPERTY**<br>**DEVELOPMENT, LLC,**<br><br>Debtor. | **CASE NO. 23-50755-AEC**<br><br>**Chapter 11**<br>**Subchapter V** |
| **SOUTHERN GENTRY HOMES, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**BUCKHEAD PROPERTY**<br>**DEVELOPMENT NORTH, LLC,**<br>**BUCKHEAD PROPERTY**<br>**DEVELOPMENT, LLC and BAY**<br>**MOUNTAIN FUND I, LLC,**<br><br>Defendants. | **Removed Case:**<br><br>**SUPERIOR COURT FULTON COUNTY**<br>**STATE OF GEORGIA**<br>**CASE NO. 2022CV369873** |

<u>**NOTICE OF REMOVAL**</u>

COMES NOW Buckhead Property Development, LLC ("**Debtor**"), Defendant in the Removed Case, and files this Notice of Removal pursuant to which Debtor provides notice that it hereby removes the case of *Southern Gentry Homes, LLC v. Buckhead Property Development North, LLC, Buckhead Property Development, LLC, and Bay Mountain Fund I, LLC,* Case Number 2022CV369873 (the "**Removed Case**"), which has been pending in the Superior Court Fulton County, State of Georgia (the "**Superior Court**"),  in its entirety, to the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division (the "**Bankruptcy Court**"), pursuant

to 28 U.S.C. §§ 1334 and 1452 and Federal Rule of Bankruptcy Procedure 9027. In support of this Notice, Debtor shows the Court as follows:

## BACKGROUND

1.      Debtor is the defendant in the Removed Case.

2.      Plaintiff Southern Gentry Homes, LLC ("**Plaintiff**") originally commenced the Removed Case in the District Court when it filed a complaint (the "**Complaint**") on September 7, 2022 asserting claims against Debtor. In the Complaint, Plaintiff seeks to avoid a transfer of certain real property and recover alleged damages and attorneys' fees.

3.      Plaintiff allegedly provided construction services and materials for the improvement of Debtor's real property located at 4362 Wieuca Road, Atlanta, Fulton County, Georgia. As a result of these alleged services and materials, Plaintiff is an alleged creditor holding a claim as defined in O.C.G.A. §§ 18-2-71(3) and (3) in an amount in excess of $325,000.

4.      Plaintiff filed suit against Debtor to recover its alleged claim in the Superior Court on December 3, 2021 styled "Southern Gentry Holmes, LLC v. Buckhead Property Development Group, LLC", Case No. 2021CV357583 (the "**Collection Action**"). At the time the suit was filed, Debtor was the owner of real property located at 3790 Ivy Road, Atlanta, Fulton County, Georgia (the "**Property**").

5.      Debtor formed Buckhead Property Development North, LLC ("**BPD North**") on June 21, 2022, and on July 15, 2022, Debtor transferred the Property to BPD North. Plaintiff alleges that Debtor made the transfer of the property for no consideration with an actual intent to hinder, delay and defraud Plaintiff, an alleged creditor, in collection of its claim.

6.      In the Complaint, Plaintiff seeks to set aside the transfer of the Property, collect alleged general damages to be proven at trial, collect alleged punitive damages of not less than $250,000, and collect attorneys' fees and costs of the Removed Case.

7.      Debtor filed an answer in the Removed Case on October 20, 2022.

8.      Debtor filed a voluntary petition for relief under Sub-Chapter V, Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") on June 5, 2023 (the "**Petition Date**") commencing this bankruptcy case (the "**Bankruptcy Case**") in the United States Bankruptcy Court for the Middle District of Georgia Macon Division.

9.      Plaintiff will no doubt file a proof of claim in the Bankruptcy Case claiming damages based upon its allegations in the Complaint. The allowance or disallowance of Plaintiff's claim will necessarily need to be resolved by the Bankruptcy Court.

10.      Also, the Complaint asserts an avoidance action that is exclusive property of the Debtor's estate, and plaintiff is continuing to prosecute the Claim post-petition in violation of the automatic stay of Section 362 of the Bankruptcy Code.

11.      Thus, the Removed Case is inextricably intertwined with the Bankruptcy Case and the claim that Plaintiff will assert in the case. If Plaintiff were to prevail on its claims in the Removed Case, Plaintiff's only option to collect on the judgment or other relief against Debtor would be to file a proof of claim in the Bankruptcy Case and seek a distribution as a creditor holding a prepetition claim against Debtor.

**AUTHORITY FOR REMOVAL UNDER 28 U.S.C. § 1452**

12.      Pursuant to 28 U.S.C. § 1452, the Removed Case may be removed to the district court for the district where the civil action is pending if such district court has jurisdiction of such claim or cause of action under 28 U.S.C. § 1334. The district court has original jurisdiction over

all civil actions "arising under title 11, or arising in or related to cases under Title 11." 28 U.S.C. § 1334.

13.     The Bankruptcy Court has exclusive jurisdiction over all property of Debtors' estate. 28 U.S.C. § 1334(e). *See Brown v. Fox Broad. Co. Kathy Cox (In re Cox)*, 433 B.R. 911, 920 (Bankr. N.D. Ga. 2010) (Drake, J.).

14.     Pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(2), the time to remove the case has not expired.

15.     The Removed Case is "related to" the Bankruptcy Case within the meaning of 28 U.S.C. § 1334 because Plaintiff's claims for relief seek to establish a claim against Debtor to be paid from Debtor's estate. "Related to" jurisdiction requires "some nexus between the related civil proceeding and the title 11 case." *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.),* 910 F.2d 784, 787 (11th Cir. 1990). If "the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy" then the case being removed is "related to" the Bankruptcy Case. *Id.* at 788. Thus, the Court has jurisdiction over the Removed Case.

16.     Moreover, the Removed Case asserts an avoidance action belonging exclusively to Debtor's bankruptcy estate, giving the Bankruptcy Court original and exclusive jurisdiction under 28 U.S.C. § 1334.

17.     Pursuant to 28 U.S.C. § 157, the United States District Court for the Northern District of Georgia (the "**District Court**") may refer the Removed Case to the bankruptcy judges for the district. The District Court has in fact referred to the bankruptcy judges for this district all cases under the Bankruptcy Code and all proceedings under the Bankruptcy Code or arising in or related to a case under the Bankruptcy Code. Accordingly, the Removed Case is automatically referred to the Bankruptcy Court.

18.     As permitted by the Federal Rules of Bankruptcy Procedure 9027(a)(2), this Notice of Removal is being filed within 90 days after the order for relief in the Bankruptcy Case.

## CORE/NON-CORE STATUS OF REMOVED CASE

19.     The Removed Case is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(B) and (C). Pursuant to 28 U.S.C. § 157(c)(2), Debtor consents to the District Court's referral of the Removed Case to the Bankruptcy Court to hear and determine and to enter appropriate orders and judgments, subject to review under 28 U.S.C. § 158. Pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(1), Debtor consents to the entry of final orders or judgments by the Bankruptcy Court.

## PROCESS AND PLEADINGS

20.     This notice is accompanied by copies of all process and pleadings, including:

A.      Plaintiff's Complaint attached hereto as **Exhibit A**;

B.      Electronic Summons issued to Buckhead Property Development, LLC attached hereto as **Exhibit B**;

C.      Defendants' Joint Motion to Dismiss attached hereto as **Exhibit C**;

D.      Plaintiff's Response to Defendants' Motion to Dismiss attached hereto as **Exhibit D**;

E.      Defendants' Answer to Plaintiff's Complaint attached hereto as **Exhibit E;**

F.      Defendants' Motion to Open Default attached hereto as **Exhibit F**;

G.      Order Granting Defendants' Motion to Open Default attached hereto as **Exhibit G**; and

H.      Notice of Bankruptcy Filing By Defendant attached hereto as **Exhibit H**.

## FILING IN SUPERIOR COURT

Pursuant to Federal Rule of Bankruptcy Procedure 9027(c), promptly after the filing hereof, the undersigned shall file a copy of this notice with the Superior Court.

WHEREFORE, Debtor removes the Removed Case in its entirety from the Superior Court.

Dated: June 23, 2023

**ROUNTREE LEITMAN KLEIN & GEER, LLC**

*/s/ Elizabeth Childers*
William A. Rountree, Ga. Bar No. 616503
Elizabeth Childers, Ga. Bar No. 143546
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
wrountree@rlkglawfirm.com
echilders@rlkglaw.com
*Attorneys for Debtor*

# EXHIBIT A

Debtor Buckhead Property Development, LLC's Notice of Removal
*Southern Gentry Homes, LLC v. Buckhead Property Development North, LLC,*
*Buckhead Property Development, LLC, and Bay Mountain Fund I, LLC*
Previously Pending in the Superior Court of Fulton County, State of Georgia
Case Number 2022CV369873

Fulton County Superior Court
***EFILED***TV
Date: 9/7/2022 4:36 PM
Cathelene Robinson, Clerk

IN THE SUPERIOR COURT FULTON COUNTY
STATE OF GEORGIA

SOUTHERN GENTRY HOMES, LLC,    )
    )
        Plaintiff,    )   Civil Action File No.
    )   2022CV389673
    v.    )   _____
    )
    )
BUCKHEAD PROPERTY DEVELOPMENT  )
NORTH, LLC,  BUCKHEAD PROPERTY  )
DEVELOPMENT, LLC and BAY MOUNTAIN)
FUND I, LLC    )
        Defendants.    )

## **COMPLAINT**

COMES  NOW, Southern Gentry Homes, LLC ("SGH") and for its complaint against  Buckhead  Property  Development  North,  LLC  and  Buckhead  Property Development, LLC (collectively "Defendants") shows this Court as follows:

1.

This is an action to avoid a transfer pursuant to Georgia common law and O.C.G.A. § 18-2-70 *et seq.* and for damages and attorneys' fees.

2.

Buckhead Property Development North, LLC ("BPD North") is a Georgia limited liability company having its registered office in Fulton County, Georgia and is therefore subject to the jurisdiction and venue of this Court.  This Defendant may be served with Summons and Complaint upon its registered agent for service of process Halperin Lyman,

LLC at the Company's registered office located at 3520 Piedmont Road, Suite 415, Atlanta, Fulton County, Georgia 30305.

3.

Buckhead Property Development, LLC ("BPD") is a Georgia limited liability company having its registered office in Fulton County, Georgia and is therefore subject to the jurisdiction and venue of this Court. This Defendant may be served with the Summons and Complaint upon its registered agent for service of process David Louis Hill, II at the company's registered office located at 4148 Roswell Road, Atlanta, Fulton County, Georgia 30342.

4.

Bay Mountain Fund, I, LLC ("Bay Mountain") is a foreign limited liability company authorized to transact business in the State of Georgia and having its registered office in Fulton County, Georgia and is therefore subject to the jurisdiction and venue of this Court. This Defendant may be served with Summons and Complaint upon its registered agent for service of process Halperin Lyman, LLC at 3520 Piedmont Road, Suite 415, Atlanta, Fulton County, Georgia 30305

5.

SGH is a creditor of BPD holding a claim as defined in O.C.G.A. §§ 18-2-71(3) and (4) in an amount in excess of $325,000.

6.

SGH's claim arises from having provided construction services and materials for the improvement of BPD's property located at 4362 Wieuca Road, Atlanta, Fulton County,

Georgia.

7.

SGH filed suit against BPD to recover its claim in this Court on December 3, 2021 styled "Southern Gentry Homes, LLC v. Buckhead Property Development Group, LLC", Case No. 2021CV357583 (the "Collection Action").

8.

At the time the suit was filed, BPD was the owner of real property located at 3790 Ivy Road, Atlanta, Fulton County, Georgia (the "Property").

9.

At the request of BPD, SGH postponed the scheduled deposition of BPD in the Collection Action and re-noticed it on July 14, 2022 for July 20, 2022.

10.

BPD North was formed on June 21, 2022 and the Articles of Organization filed with the Georgia Secretary of State list the organizer as Zack Calhoun, who at times has represented himself as a manager and member of BPD and who was tendered as a company representative of BPD for deposition in the Collection Action. A copy of the Article of Organization are attached hereto as Exhibit "A" and incorporated by reference herein as if set forth in full.

11.

BPD North was formed to accommodate an intentional scheme to fraudulently transfer the assets of BPD to avoid the claim of SGH.

12.

On July 15, 2022, five (5) days before the scheduled deposition in the Collection

Action, BPD transferred the Property to BPD North by Quitclaim Deed recorded at Deed

Book 65941, Page 571 in the Records of the Clerk of the Superior Court of Fulton County,

for no consideration, as shown in the PT-61 form which accompanied the Quitclaim Deed.

A copy of the Quitclaim Deed and PT-61 are attached hereto as <u>Exhibits "B" and "C"</u>

respectively and incorporated by reference herein as if set forth in full.

13.

On the same day, July 15, 2022, BPD North encumbered the Property by executing

and delivering a Security Deed recorded at Deed Book 65941, Page 573 in the Records of

the Clerk of the Superior Court of Fulton County (the "Security Deed") to Bay Mountain,

whose registered agent in the State of Georgia, Halperin Lyman, LLC, is the same law firm

listed as the registered agent for BPD North with the Georgia Secretary of State. A copy

of the Security Deed is attached hereto as <u>Exhibit "D"</u> and incorporated by reference herein

as if set forth in full.

14.

BPD made the transfer of the Property for no consideration with an actual intent to

hinder, delay and defraud SGH, a creditor, in the collection of its claim as contemplated

by the provisions of O.C.G.A. § 18-2-74.

15.

On information and belief, Bay Mountain was complicit in the transfer of the

Property from BPD to BPD North and from BPD North to itself, knew or is charged with

knowing that the transfer was made with an actual intent to hinder, delay and defraud SGH, and aided and abetted in that transfer such that the transfer was collusive and Bay Mountain is not a good faith transferee.

16.

Pursuant to the provisions of O.C.G.A. § 18-2-77, SGH is entitled to an order of this Court setting aside the transfer of the Property to BPD North and the Security Deed.

17.

In addition, SGH is also entitled to recover general damages against Defendants, jointly and severally, together with punitive damages because their conduct was willful, intentional and premeditated and to deter them from such conduct in the future.

18.

The act of conveying the Property as alleged herein was in bad faith so as to also entitle SGH to recover its attorneys' fees and costs of this action pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Southern Gentry Homes, LLC demands judgment that the transfer of the Property and the Security Deed made on July 15, 2022 be set aside and that the Property be retitled in the name of Buckhead Property Development, LLC free and clear of any interest of Bay Mountain Fund I, LLC, and that it recover from the Defendants, jointly and severally, general damages to be proven with certainly at trial, punitive damages of not less than $250,000 for the Defendants' intentional, willful and wanton conduct, its attorneys fees and costs of this action, interest as allowed by law and such other and further relief as this Court deems just and proper.

/s/ John A. Christy
JOHN A. CHRISTY
Georgia Bar No. 125518
*Attorney for Plaintiff*

SCHREEDER, WHEELER & FLINT, LLP
1100 Peachtree Street, NE, Suite 800
Atlanta, Georgia 30309
Telephone:   (404) 681-3450
Facsimile:   (404) 681-1046
Email:        jchristy@swfllp.com
K:\10281\3\Complaint.docx

## EXHIBIT "A"

Control Number : 22135737

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
### 313 West Tower
### 2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

## CERTIFICATE OF ORGANIZATION

I, **Brad Raffensperger**, the Secretary of State and the Corporation Commissioner of the State of Georgia, hereby certify under the seal of my office that

### Buckhead Property Development North, LLC
#### a Domestic Limited Liability Company

has been duly organized under the laws of the State of Georgia on **06/21/2022** by the filing of articles of organization in the Office of the Secretary of State and by the paying of fees as provided by Title 14 of the Official Code of Georgia Annotated.

WITNESS my hand and official seal in the City of Atlanta and the State of Georgia on **06/22/2022**.



*Brad Raffensperger*

Brad Raffensperger
Secretary of State

## ARTICLES OF ORGANIZATION

*Electronically Filed*
Secretary of State
Filing Date: 6/21/2022 6:56:58 PM

### BUSINESS INFORMATION

| | |
|---|---|
| CONTROL NUMBER | 22135737 |
| BUSINESS NAME | Buckhead Property Development North, LLC |
| BUSINESS TYPE | Domestic Limited Liability Company |
| EFFECTIVE DATE | 06/21/2022 |

### PRINCIPAL OFFICE ADDRESS

| | |
|---|---|
| ADDRESS | 3338 Peachtree Road NE, Atlanta, GA, 30326, USA |

### REGISTERED AGENT

| NAME | ADDRESS | COUNTY |
|---|---|---|
| Halperin Lyman, LLC | 3520 Piedmont Road NE, Suite 415, Atlanta, GA, 30305, USA | Fulton |

### ORGANIZER(S)

| NAME | TITLE | ADDRESS |
|---|---|---|
| Zack Calhoun | ORGANIZER | 3338 Peachtree Road NE, Atlanta, GA, 30326, USA |

### OPTIONAL PROVISIONS

N/A

### AUTHORIZER INFORMATION

| | |
|---|---|
| AUTHORIZER SIGNATURE | Craig Michael Halperin |
| AUTHORIZER TITLE | Attorney In Fact |

**EXHIBIT "B"**

Deed Book 65941 Page 571
Filed and Recorded 07/19/2022 02:10:00 PM
2022-0250883
CATHELENE ROBINSON
Clerk of Superior Court
Fulton County, GA
Participant IDs: 9043936402
7067927936

After recording, return to:
Katz Durell, LLC
6065 Roswell Road, Suite 880
Atlanta, GA 30328
File Number: GA2022-0700-A2                    Parcel ID:    17-0063-0007-025-8

——————————— [Space Above This Line For Recording Data] ———————————

## QUITCLAIM DEED

STATE OF GEORGIA
COUNTY OF FULTON

THIS INDENTURE is effective the 15th day of July, 2022, between **Buckhead Property Development, LLC**, as party or parties of the first part, hereinafter called Grantor, and **Buckhead Property Development North, LLC**, as party or parties of the second part, hereinafter called Grantee (the words "Grantor" and "Grantee" to include their respective heirs, successors and assigns where the context requires or permits).

WITNESSETH THAT Grantor, for and in consideration of the sum of Ten & 00/100 U.S. Dollars (U.S. $10.00) and other valuable consideration, in hand paid at and before the sealing and delivery of these presents, the sufficiency and receipt whereof is hereby acknowledged, has remised, conveyed, and quitclaimed, and by these presents does remise, convey, and forever quitclaim unto Grantee:

All that tract or parcel of land lying and being in **Fulton County, Georgia** commonly known as **3790 Ivy Road NE, Atlanta, GA 30342** and being more particularly described as follows:

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 63 OF THE 17TH DISTRICT, FULTON COUNTY, GEORGIA, AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

COMMENCE AT A POINT MARKED BY A 1/2" REBAR FOUND ON THE NORTHWESTERLY RIGHT-OF-WAY OF IVY ROAD (50' RIGHT-OF-WAY), SAID POINT BEING LOCATED 449 FEET FROM THE INTERSECTION OF SAID RIGHT-OF-WAY OF IVY ROAD WITH THE NORTHERLY RIGHT-OF-WAY OF OLD IVY ROAD; THENCE LEAVING SAID RIGHT-OF-WAY AND PROCEEDING NORTH 66 DEGREES 42 MINUTE 00 SECONDS WEST A DISTANCE OF 205.15 FEET TO A 1/2" REBAR FOUND; THENCE PROCEEDING NORTH 13 DEGREES 44 MINUTES 37 SECONDS EAST A DISTANCE OF 64.98 FEET TO A POINT MARKED BY A CONCRETE PIPE; THENCE PROCEEDING SOUTH 74 DEGREES 31 MINUTES 01 SECONDS EAST A DISTANCE OF 235.03 FEET TO A 1/2" REBAR FOUND LOCATED ON THE NORTHWESTERLY RIGHT-OF-WAY OF SAID IVY ROAD; THENCE PROCEEDING IN A SOUTHWESTERLY DIRECTION ALONG THE NORTHWESTERLY RIGHT-OF-WAY OF SAID IVY ROAD ALONG THE ARC OF A CURVE IN AN EASTERLY AND NORTHERLY DIRECTION AN ARC DISTANCE OF 71.05 FEET TO A POINT MARKED BY A 1/2" REBAR FOUND; THENCE CONTINUING ALONG SAID RIGHT-OF-WAY OF IVY ROAD SOUTH 40 DEGREES 19 MINUTES 46 SECONDS WEST A DISTANCE OF 27.10 FEET TO THE POINT OF BEGINNING.'

AS MORE FULLY AND PARTICULARLY SHOWN AS LOT 1 ON A PLAT OF SURVEY FOR ALLAN WALLER SIGNED MAY 13, 2016 BY SURVEY LAND EXPRESS, INC., EUGENE A. STEPANOV, GEORGIA RLS NO. 3197, A TRUE AND CORRECT COPY OF WHICH IS ATTACHED HERETO AS EXHIBIT "B" TO QUITCLAIM DEED RECORDED NOVEMBER 4, 2016 IN DEED BOOK 56806, PAGE 155, FULTON COUNTY RECORDS AND IS INCORPORATED HEREIN BY REFERENCE.

Deed Book 65941 Page 572
CATHELENE ROBINSON
Clerk of Superior Court

TO HAVE AND TO HOLD the said described premises, so that neither Grantor nor any person
or persons claiming under said Grantor shall at any time, by any means or ways, have, claim or demand
any right or title to said premises or appurtenances, or any rights thereof.

IN WITNESS WHEREOF, Grantor has signed and sealed this Deed, the day and year below written.

Signed this 15th day of July,
2022 in the presence of:

_____
Unofficial Witness

_____
Notary Public
My Commission Expires:

GRANTOR:

Buckhead Property Development LLC

Lloyd Gardner Dominick, Member

## EXHIBIT "C"

PT-61 (Rev. 2/18)

## To be filed in FULTON COUNTY

PT-61 060-2022-031320

| SECTION A – SELLER'S INFORMATION (Do not use agent's information) | | SECTION C -- TAX COMPUTATION | |
|---|---|---|---|
| SELLER'S BUSINESS / ORGANIZATION / OTHER NAME<br>Buckhead Property Development, LLC | | Exempt Code<br>If no exempt code enter NONE | NONE |
| MAILING ADDRESS (STREET & NUMBER)<br>3338 Peachtree Road NE Unit 2702 | | 1. Actual Value of consideration received by seller<br>   Complete Line 1A if actual value unknown | $10.00 |
| CITY, STATE / PROVINCE / REGION, ZIP CODE, COUNTRY<br>Atlanta, GA 30326 USA | DATE OF SALE<br>7/15/2022 | 1A. Estimated fair market value of Real and<br>    Personal property | $0.00 |
| SECTION B – BUYER'S INFORMATION (Do not use agent's information) | | 2. Fair market value of Personal Property only | $0.00 |
| BUYERS'S BUSINESS / ORGANIZATION / OTHER NAME<br>Buckhead Property Development | | 3. Amount of liens and encumbrances<br>   not removed by transfer | $0.00 |
| MAILING ADDRESS (Must use buyer's address for tax billing & notice purposes)<br>3338 Peachtree Road NE Unit 2702 | | 4. Net Taxable Value<br>   (Line 1 or 1A less Lines 2 and 3) | $10.00 |
| CITY, STATE / PROVINCE / REGION, ZIP CODE, COUNTRY<br>Atlanta, GA 30326 USA | Check Buyers Intended Use<br>( ) Residential ( ) Commercial<br>( ) Agricultural ( ) Industrial | 5. TAX DUE at .10 per $100 or fraction thereof<br>   (Minimum $1.00) | $0.00 |

| SECTION D – PROPERTY INFORMATION (Location of Property (Street, Route, Hwy, etc)) | | | |
|---|---|---|---|
| HOUSE NUMBER & EXTENSION (ex 265A) | PRE-DIRECTION, STREET NAME AND TYPE, POST DIRECTION | | SUITE NUMBER |
| COUNTY<br>FULTON | CITY (IF APPLICABLE) | MAP & PARCEL NUMBER<br>17-0063-0007-025-8 | ACCOUNT NUMBER |
| TAX DISTRICT | GMD | LAND DISTRICT | ACRES | LAND LOT | SUB LOT & BLOCK |

| SECTION E – RECORDING INFORMATION (Official Use Only) | | | |
|---|---|---|---|
| DATE | DEED BOOK<br>65941 | DEED PAGE<br>571 | PLAT BOOK | PLAT PAGE |

**ADDITIONAL BUYERS**
None

## EXHIBIT "D"

Deed Book 65941 Page 573
Filed and Recorded 07/19/2022 02:10:00 PM
2022-0250884
CATHELENE ROBINSON
Clerk of Superior Court
Fulton County, GA
Participant IDs: 9043936402
7067927936

Parcel Id: 17-0063-0007-025-8

After recording, return to:

**KATZ DURELL, LLC**
**6065 Roswell Road, Suite 880**
**Atlanta, Georgia 30328**

File Number: GA2022-0700-443          Loan Number: 7542437

------------------------- [Space Above This Line for Recording Data] -------------------------

## SECURITY DEED
[First Position Loan]

STATE OF GEORGIA
COUNTY OF FULTON

THIS SECURITY DEED, given effective July 15th, 2022, is by and between Buckhead Property Development North LLC, as party of the first part (hereinafter referred to as "Grantor"), and BAY MOUNTAIN FUND I LLC, a Texas Limited Liability Company, as party of the second party (hereinafter referred to as "Grantee"), whose address is 3710 Rawlins Street, Suite 1250, Dallas, TX 75219.

### WITNESSETH:

FOR CONSIDERATION hereinafter set forth and other good and valuable consideration delivered to Grantor by Grantee at and before the execution, sealing and delivery hereof, the receipt and sufficiency of which is hereby acknowledged, Grantor has and hereby does grant, bargain, sell and convey unto Grantee and the heirs, legal representatives, successors and assigns of Grantee all that tract or parcel of land known by its common street address as 3790 Ivy Road NE, Atlanta, GA 30342, and being more specifically and completely described in the **Exhibit "A"** attached hereto and incorporated herein by reference (hereinafter referred to as the "Property").

THIS CONVEYANCE is made under the provisions of the existing Code of the State of Georgia to secure a debt (and interest thereon and other indebtedness as described herein) evidenced by a promissory note, dated July 15th, 2022 and made by Grantor to order of Grantee, for the initial principal sum of One Million Five Hundred and Sixty Thousand Two Hundred and Two & 00/100 Dollars ($1,560,202.00), with the maturity date of July 31st 2023 or the occurrence of the sale or transfer of the Property, whichever comes first. However, at the option of Grantor, Grantee may extend the maturity date for a period of one (1) month, not to exceed three (3) such extensions. In the event such extension is granted by Grantee, Grantor will owe an additional 1.000% of the principal sum of this Security Deed for each month, or part thereof, so extended and the additional amounts will be considered secured by this Security Deed.

TO HAVE AND TO HOLD said Property, together with any and all of the rights, members and appurtenances thereof to the same being, belonging or in any way appertaining to the only proper use, benefit and behalf of Grantee and the heirs, legal representatives, successor and assigns of Grantee, forever, in Fee Simple.

Should the indebtedness secured hereby be paid according to the tenor and effect the promissory note and hereof when the same shall become due and payable, and should Grantor perform all covenants herein contained, then this Security Deed shall be canceled of record and the Property surrendered, it being intended by the parties hereto that this Security Deed shall operate as a deed, and not as a mortgage.

The following riders are to be executed by Borrower and recorded contemporaneously herewith [mark each box as applicable]:

[ ] Adjustable Rate Rider          [ ] Contingent Interest Rider          [ ] Second Home Rider
[ ] Balloon Rider                  [ ] PUD Rider                          [ ] Condominium Rider
[x] 1-4 Family Rider               [ ] Biweekly Payment Rider             [ ] Other(s)   specify:
[x] Waiver of Borrower's Rights     [x] Closing Attorney Affidavit

_____
Initials: _____

SECURITY DEED – GEORGIA          Page 1 of 4

Deed Book 65941 Page 574

If all or any part of the Property or an interest therein is sold or transferred by Grantor without Grantee's prior written consent, excluding (a) a transfer by devise, descent or by operation of law upon the death of a joint tenant or (b) the grant of any leasehold interest of three (3) years or less not containing an option to purchase, the balance of the promissory note shall become immediately due and payable at the option of Grantee. It being expressly understood that the creation of a lien or encumbrance subordinate to this Security Deed or the creation of a subordinate purchase money security interest for household appliances constitutes a default hereunder. Grantee shall have waived such option to accelerate if, prior to the sale or transfer, Grantee and the person to whom the Property is to be sold or transferred reach an agreement in writing that the credit of such person is satisfactory to Grantee herein and the interest payable on the sums secured by this Security Deed shall be at such rate as Grantee herein may establish in its sole discretion.

Acceptance by Grantee of one or more installment payments on the indebtedness secured hereby subsequent to any sale, transfer or other change in ownership or possession of said Property, or any part thereof, and to which Grantee has not granted written consent, shall not constitute a waiver of Grantee's option to accelerate, which may be exercised by Grantee at any time.

Grantor covenants and agrees, so long as any indebtedness secured hereby shall remain unpaid, to keep the Property and all improvements thereon in as good condition as now exists, natural wear and tear excepted, and also not to demolish, destroy or remove any permanent structure now existing on the premises or make any alteration thereon that would constitute a structural change without the written consent of Grantee; to pay all taxes, assessments and other bills that may become liens upon said Property, as they become due; to keep the improvements on said Property fully insured, by an insurance company authorized to do business in the state in which the Property is located, against loss by fire and such other hazards in sufficient form as may, from time to time, be required by Grantee with a mortgage clause approved by Grantee naming Grantee as the primary loss payee (and if Grantee shall not have specified an amount in the associated loan documentation, then in an amount equal to and not less than the aggregate indebtedness at any time outstanding against the Property), and shall deliver the policy(ies) or other appropriate proof of insurance and any renewals thereof to Grantee; and that any tax, assessment, prior lien or premium of insurance not paid when due by Grantor may be paid by Grantee and any sum so paid shall be added to the amount of the initial principal debt as part thereof, shall draw interest from the time of said payment at the rate of eighteen percent (18.000%) per annum and shall, with interest, be covered by the security of this Security Deed.

Additionally, Grantor hereby further covenants and agrees that in the case of any default in any partial payment of said indebtedness or in the due performance of any of the covenants herein expressed to be performed by Grantor, then, and in that event, the entire amount of said principal indebtedness, together with any and all sums paid for accounts of Grantor in accordance with the provisions above set forth, shall, at the option of Grantee, then and thereby become and be due and payable forthwith, with accrued interest, and all expenses and cost of collection, including fifteen percent (15.000%) of such amount due as attorneys' fees, and the amount of such costs, expenses and fees shall be added to the amount of the debt hereby secured as part thereof, and as such shall, with interest, be covered by the security of this Security Deed; and time is of the essence of this agreement.

Should default occur in the payment of any portion of the indebtedness secured hereby, taxes or insurance premiums herein mentioned, or in the performance of any obligation or condition recited herein, then, and in that event, Grantee shall be at liberty to apply for and shall be entitled as a matter of right, without regard to the value of the Property, or to the solvency or insolvency of Grantor, to the appointment of a receiver to collect the rents and profits of said Property and with the power to sell said Property under order of court and apply the net proceeds of the sale toward the payment of the debt secured by this Security Deed.

SECURITY DEED – GEORGIA                    Page 2 of 4                    Initials: _____

Deed Book 65941 Page 575

In consideration of the loan made to Grantor by Grantee, and further to secure the indebtedness of Grantor to Grantee hereunder, Grantor hereby sells, assigns and transfers to Grantee all of the rent which shall hereafter become due or be paid on the Property; but Grantee agrees that this rent assignment will not be enforced so long as no default on the part of Grantor exists under the terms and conditions of this Security Deed and, while no such default exists, Grantee waives its rights to and its interest in said rents but upon any default in the performance of any agreement or covenant to be performed by Grantor under the terms of this Security Deed, Grantor agrees that Grantee may enter upon said Property and collect the rents there from and hereby constitutes Grantee as Grantor's agent to declare the existence of a default hereunder and Grantor hereby agrees that any tenant in said Property or any renting agent in charge thereof shall be, and is hereby authorized when a default shall be so declared to exist, to pay any such rents directly to Grantee, to be applied toward the payment of the debt secured hereby or as otherwise provided by law.

The title, interest, rights and powers granted herein by Grantor to Grantee, particularly the power of sale granted herein, shall inure to the benefit of anyone to whom Grantee shall assign the indebtedness herein secured, and/or convey the Property herein described, as well as to the successors and legal representatives of Grantee.

In case the debt hereby secured shall not be paid when it becomes due by maturity in due course, or by reason of a default as herein provided, Grantor hereby grants to Grantee, the following irrevocable power of attorney: To sell all or any part of the Property at auction, at the usual place for conducting sales at the courthouse in the county and state where said Property, or any part thereof, lies to the highest bidder for cash, after advertising the time, terms and place of such sale once a week for four weeks immediately preceding such sale (but without regard to the number of days) in a newspaper published in the county and state where the Property, or any part thereof, lies or in the organ in which the sheriff's advertisements for such county are customarily published, all other notices being hereby waived by Grantor, and Grantee (or any person on behalf of Grantee) may bid and purchase at such sale and thereupon execute and deliver to the purchaser or purchasers at such sale sufficient conveyance of said Property in fee simple, which conveyance may contain recitals as to the happening of the default upon which the execution of the power of sale herein granted depends, and Grantor hereby constitutes and appoints Grantee as the agent and attorney in fact of Grantor to make such recitals, and hereby covenants and agrees that the recitals so made by Grantee shall be binding and conclusive upon Grantor, and that the conveyance to be made by Grantee shall be effectual to bar equity of redemption of Grantor in and to said Property, and Grantee shall collect the proceeds of such sale, and after reserving therefrom the entire amount of principal and interest due, together with the amount of taxes, assessments, and premiums of insurance or other payments theretofore paid by Grantee, with eighteen percent (18.000%) per annum thereon from date of payment, together with all costs and expenses of sale and fifteen percent (15.000%) of the aggregate amount due for attorneys' fees, shall pay any over-plus to Grantor, as provided by law.

Additionally, Grantor further covenants that in case of a sale as hereinbefore provided, Grantor, or any person in possession under Grantor, shall then become and be tenants holding over and shall forthwith deliver possession to the purchaser at such sale, or be summarily dispossessed, in accordance with the provisions of law applicable to tenants holding over.

The power and agency hereby granted are coupled with an interest and are irrevocable, by death or otherwise, and are granted as cumulative to the remedies for collection of said indebtedness provided by law.\

It is agreed that Grantee shall be subrogated to the claims and liens of all parties whose claims or liens are discharged or paid with the proceeds of the loan secured hereby.

SECURITY DEED – GEORGIA                     Page 3 of 4                     Initials: _____

Deed Book 65941 Page 576

Whenever the terms "Grantor" or "Grantee" are used in this Security Deed, such terms shall be deemed to include the respective executors, administrators, legal representatives, heirs, beneficiaries, successors and permitted assigns of such party or parties, as the context permits and/or requires. All rights and powers herein granted to Grantee shall inure to and include Grantee's respective successors and/or assigns, and all obligations herein imposed on Grantor shall extend to and include Grantor's executors, administrators, legal representatives, heirs, beneficiaries, successors and/or permitted assigns.

IN WITNESS WHEREOF, Grantor has signed, sealed and delivered this Security Deed as of the day and year first above written.

Grantor:

Buckhead Property Development North LLC, a Georgia Limited Liability Company

By: _____  [Seal]
Thomas Z. Calhoun, as Managing Member

Signed this 15th day of July, 2022, in the presence of

_____
Unofficial Witness M. Douglas

_____
Notary Public
My Commission Expires:   10/15/2022

[AFFIX NOTARY SEAL]

SECURITY DEED – GEORGIA          Page 4 of 4

Deed Book 65941 Page 577

**EXHIBIT "A"**
Legal Description

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 63 OF THE 17TH DISTRICT, FULTON COUNTY, GEORGIA, AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

COMMENCE AT A POINT MARKED BY A 1/2" REBAR FOUND ON THE NORTHWESTERLY RIGHT-OF-WAY OF IVY ROAD (50' RIGHT-OF-WAY), SAID POINT BEING LOCATED 449 FEET FROM THE INTERSECTION OF SAID RIGHT-OF-WAY OF IVY ROAD WITH THE NORTHERLY RIGHT-OF-WAY OF OLD IVY ROAD; THENCE LEAVING SAID RIGHT-OF-WAY AND PROCEEDING NORTH 66 DEGREES 42 MINUTE 00 SECONDS WEST A DISTANCE OF 205.15 FEET TO A 1/2" REBAR FOUND; THENCE PROCEEDING NORTH 13 DEGREES 44 MINUTES 37 SECONDS EAST A DISTANCE OF 64.98 FEET TO A POINT MARKED BY A CONCRETE PIPE; THENCE PROCEEDING SOUTH 74 DEGREES 31 MINUTES 01 SECONDS EAST A DISTANCE OF 235.03 FEET TO A 1/2" REBAR FOUND LOCATED ON THE NORTHWESTERLY RIGHT-OF-WAY OF SAID IVY ROAD; THENCE PROCEEDING IN A SOUTHWESTERLY DIRECTION ALONG THE NORTHWESTERLY RIGHT-OF-WAY OF SAID IVY ROAD ALONG THE ARC OF A CURVE IN AN EASTERLY AND NORTHERLY DIRECTION AN ARC DISTANCE OF 71.05 FEET TO A POINT MARKED BY A 1/2" REBAR FOUND; THENCE CONTINUING ALONG SAID RIGHT-OF- WAY OF IVY ROAD SOUTH 40 DEGREES 19 MINUTES 46 SECONDS WEST A DISTANCE OF 27.10 FEET TO THE POINT OF BEGINNING.'

AS MORE FULLY AND PARTICULARLY SHOWN AS LOT 1 ON A PLAT OF SURVEY FOR ALLAN WALLER SIGNED MAY 13, 2016 BY SURVEY LAND EXPRESS, INC., EUGENE A. STEPANOV, GEORGIA RLS NO. 3197, A TRUE AND CORRECT COPY OF WHICH IS ATTACHED HERETO AS EXHIBIT "B" TO QUIT-CLAIM DEED RECORDED NOVEMBER 4, 2016 IN DEED BOOK 56806, PAGE 155, FULTON COUNTY RECORDS AND IS INCORPORATED HEREIN BY REFERENCE.

Initials:

Deed Book 65941 Page 578

## 1-4 FAMILY RIDER

### ASSIGNMENT OF RENTS

THIS 1-4 FAMILY RIDER shall be deemed to amend and/or supplement the Security Deed to which this Rider is attached, dated July 15th, 2022 and given by Buckhead Property Development North LLC (the "Borrower") to secure Borrower's promissory note to BAY MOUNTAIN FUND LLC (the "Lender") of the same date and covering the real property described in the Security Deed, being commonly known as:

### 3790 Ivy Road NE, Atlanta, GA 30342.
[the "Property"]

1-4 FAMILY COVENANTS. In addition to the covenants and agreements made in the Security Deed, the following provisions shall apply:

**A. USE OF PROPERTY; COMPLIANCE WITH LAW.** Borrower shall not seek, agree to or make a change in the use of the Property or its zoning classification, unless Lender has agreed in writing to the change. Borrower shall comply with all laws, ordinances, regulations and requirements of any governmental body applicable to the Property.

**B. SUBORDINATE LIENS.** Except as permitted by federal law, Borrower shall not allow any lien inferior to the Security Deed to be perfected against the Property without Lender's prior written permission.

**C. RENT LOSS INSURANCE.** Borrower shall maintain insurance against rent loss in addition to the other hazards for which insurance is required in this transaction.

**D. ASSIGNMENT OF LEASES.** Upon Lender's request, Borrower shall assign to Lender all leases of the Property and all security deposits made in connection with leases of the Property. Upon the assignment, Lender shall have the right to modify, extend or terminate the existing leases and to execute new leases, in Lender's sole discretion. As used in this paragraph D, the word "lease" shall mean "sublease" if the Security Deed is on a leasehold.

**E. ASSIGNMENT OF RENTS.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Deed, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (i) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (ii) Lender shall be entitled to collect and receive all of the rents of the Property directly; and (iii) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant. Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph E. Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Deed is paid in full.

**F. CROSS-DEFAULT & CROSS-COLLATERALIZATION PROVISION.** A default under the promissory note or Security Deed shall constitute a default under each and every other note and security instrument to Grantee from Grantor, or from any corporation, partnership, trust or other legal entity in which either Grantor is an officer, director, principal, shareholder, partner or beneficiary, or of which any officer, director, principal, shareholder, partner or beneficiary of Grantor is an officer, director, principal, shareholder, partner or beneficiary, and vice versa. Upon the occurrence of such a default, Grantee may, at its sole discretion and option, declare any or all other such notes or security instruments in default, accelerate the indebtedness evidenced or secured thereby as immediately due and payable and exercise any and all remedies set forth in the note(s) and security instrument(s) that have been accelerated pursuant to this provision.

BY SIGNING BELOW, Borrower hereby accepts and agrees to the terms and covenants contained in this 1-4 Family Rider.

Borrower:

Buckhead Property Development North LLC, a Georgia Limited Liability Company

By: _____    [Seal]
Thomas Z. Calhoun, as Managing Member

Deed Book 65941 Page 579
CATHELENE ROBINSON
Clerk of Superior Court

Lender:  BAY MOUNTAIN FUND I LLC
Grantor: Buckhead Property Development North LLC (3790 Ivy Road NE, Atlanta, GA 30342)
Date of Deed: July ___, 2022

### ACKNOWLEDGEMENT OF WAIVER OF BORROWER'S RIGHTS

BY EXECUTION OF THIS PARAGRAPH, GRANTOR EXPRESSLY (1) ACKNOWLEDGES THE RIGHT TO ACCELERATE THE DEBT AND THE POWER OF ATTORNEY GIVEN HEREIN TO LENDER TO SELL THE PREMISES BY NON-JUDICIAL FORECLOSURE UPON DEFAULT BY GRANTOR WITHOUT ANY JUDICIAL HEARING AND WITHOUT ANY NOTICE OTHER THAN SUCH NOTICE AS IS REQUIRED TO BE GIVEN UNDER THE PROVISIONS HEREOF, (2) WAIVES ANY AND ALL RIGHTS THAT GRANTOR MAY HAVE UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES, THE VARIOUS PROVISIONS OF THE CONSTITUTION FOR THE SEVERAL STATES OR BY REASON OF ANY OTHER APPLICABLE LAW TO NOTICE AND JUDICIAL HEARING PRIOR TO THE EXERCISE BY LENDER OF ANY RIGHT OR REMEDY HEREIN PROVIDED TO LENDER, EXCEPT SUCH NOTICE AS IS SPECIFICALLY REQUIRED TO BE PROVIDED HEREOF, (3) ACKNOWLEDGES THAT GRANTOR HAS READ THE SECURITY DEED AND THIS PARAGRAPH AND ANY AND ALL QUESTIONS REGARDING THE LEGAL EFFECT OF THE SECURITY DEED AND ITS PROVISIONS HAVE BEEN EXPLAINED FULLY TO GRANTOR AND GRANTOR HAS BEEN AFFORDED AN OPPORTUNITY TO CONSULT WITH COUNSEL OF GRANTOR'S CHOICE PRIOR TO EXECUTING THE SECURITY DEED, (4) ACKNOWLEDGES THAT ALL WAIVERS OF THE AFORESAID RIGHTS OF GRANTOR HAVE BEEN MADE KNOWINGLY, INTENTIONALLY AND WILLINGLY BY GRANTOR AS PART OF A BARGAINED FOR LOAN TRANSACTION AND (5) AGREES THAT THE PROVISIONS HEREOF ARE INCORPORATED INTO AND MADE A PART OF THE SECURITY DEED.

Read and Agreed to by Grantor.                    Signed, Sealed and Delivered in the presence of:

Buckhead Property Development North LLC,
a Georgia Limited Liability Company            _____
                                               Unofficial Witness

By: _____ [Seal]
Thomas Z. Calhoun, as Managing Member         _____
                                               Notary Public
                                               Commission Expires 10/15/2022

### CLOSING ATTORNEY AFFIDAVIT

Before the undersigned attesting officer, personally appeared the undersigned closing attorney, who, having been first duly sworn according to law, states under oath as follows:

In closing the above Grantor's loan, but prior to the execution of the Security Deed and Acknowledgement of Waiver of Borrower's Rights by Grantor, I reviewed with and explained to Grantor the terms and provisions of the Security Deed and particularly the provisions thereof authorizing Lender to sell the secured property by a non-judicial foreclosure under a power of sale, together with the Acknowledgement of Waiver of Borrower's Rights and informed Grantor of Grantor's rights under the Constitution of the United States and the Constitution of the State of Georgia to notice and a judicial hearing prior to such foreclosure in the absence of a knowing, intentional and willing contractual waiver by Grantor of Grantor's rights.   After said review with and explanation to Grantor, Grantor executed the Security Deed and the Acknowledgement of Waiver of Borrower's Rights

Based on said review with and explanation to Grantor, it is my opinion that Grantor knowingly, intentionally and willingly executed said waiver of Grantor's Constitutional rights to notice and judicial hearing prior to any said non-judicial foreclosure.

Sworn to and subscribed before me, the undersigned attesting officer, on the date set forth above

_____                      _____
Notary Public                                  Closing Attorney

### GEORGIA FORECLOSURE CLOSING DISCLOSURE

O.C.G.A. Section 7-1-1014(3) requires that you be informed that if you fail to meet any condition or term of the documents that you sign in connection with obtaining a mortgage loan, you may lose the property that serves as collateral for said mortgage loan through foreclosure.

Buckhead Property Development North LLC, a Georgia Limited Liability Company

By: _____ [Seal]
Thomas Z. Calhoun, as Managing Member

WAIVER OF BORROWERS RIGHTS              Page 1 of 1              BAY MOUNTAIN FUND I LLC

Fulton County Superior Court
***EFILED***TTM
Date: 9/16/2022 8:59 AM
Cathelene Robinson, Clerk

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

**SOUTHERN GENTRY DEVELOPMENT, LLC**

Plaintiff/Petitioner

vs.

**BUCKHEAD PROPERTY DEVELOPMENT NORTH, LLC;**
**BUCKHEAD PROPERTY DEVELOPMENT, LLC; BAY**
**MOUNTAIN FUND I, LLC**

Defendant/Respondent

Case No.:     **2022CV369873**

AFFIDAVIT OF SERVICE OF
**SUMMONS; COMPLAINT; EXHIBITS; GENERAL CIVIL**
**AND DOMESTIC RELATIONS CASE FILING**
**INFORMATION FORM**

Received by Berhane Tassaw, on the **14th day of September, 2022 at 6:45 PM** to be served upon **Bay Mountain Fund, I, LLC at 3520 Piedmont Road Northeast Suite 415, Atlanta, Fulton County, GA 30305.**
On the **15th day of September, 2022 at 5:46 PM, I, Berhane Tassaw, SERVED Bay Mountain Fund, I, LLC at 343 Sterling Street, Atlanta, DeKalb County, GA 30307** in the manner indicated below:

**CORPORATE SERVICE,** by personally delivering **1** copy(ies) of the above listed documents to the named Corporation, by serving **Craig Halpern,** on behalf of said Corporation.
THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**I delivered the documents to an individual who indicated they were the person authorized to accept with identity confirmed by subject saying yes when named. The individual accepted service with direct delivery. The individual appeared to be a brown-haired white male contact 35-45 years of age, 5'6"-5'8" tall and weighing 160-180 lbs.**

Per U.S. Code § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

NAME: _____    N/A _____    09/15/2022 _____
Berhane Tassaw                      Server ID #              Date

Notary Public: Subscribed and sworn before me on this _15th_ day of _September_ in the year of 20_22_
Personally known to me _✓_ or _____ identified by the following document:

_____
Notary Public (Legal Signature)



KIFLOM AWETAHENG
Notary Public, Georgia
Dekalb County
My Commission Expires
May 09, 2026

REF: **10281/3**

Tracking #: **0093404212**

Fulton County Superior Court
***EFILED***TTM
Date: 9/16/2022 8:59 AM
Cathelene Robinson, Clerk

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| **SOUTHERN GENTRY DEVELOPMENT, LLC** | Case No.:        **2022CV369873** |
| Plaintiff/Petitioner | |
| vs. | |
| **BUCKHEAD PROPERTY DEVELOPMENT NORTH, LLC;** | AFFIDAVIT OF SERVICE OF |
| **BUCKHEAD PROPERTY DEVELOPMENT, LLC; BAY** | **SUMMONS; COMPLAINT; EXHIBITS; GENERAL CIVIL** |
| **MOUNTAIN FUND I, LLC** | **AND DOMESTIC RELATIONS CASE FILING** |
| Defendant/Respondent | **INFORMATION FORM** |

Received by **Berhane Tassaw**, on the **14th day of September, 2022 at 6:45 PM** to be served upon **Buckhead Property Development North, LLC, at 3520 Piedmont Road Northeast Suite 415, Atlanta, Fulton County, GA 30305.**
On the **15th day of September, 2022 at 5:46 PM**, I, Berhane Tassaw, SERVED Buckhead Property Development North, LLC, at 343 Sterling Street, Atlanta, DeKalb County, GA 30307 in the manner indicated below:

**CORPORATE SERVICE,** by personally delivering 1 copy(ies) of the above listed documents to the named Corporation, by serving **Craig Halpern,** on behalf of said Corporation.
THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**I delivered the documents to Craig Halpern who indicated they were the person authorized to accept with identity confirmed by subject saying yes when named. The individual accepted service with direct delivery. The individual appeared to be a brown-haired white male contact 35-45 years of age, 5'6"-5'8" tall and weighing 160-180 lbs.**

Per U.S. Code § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

NAME: _____          N/A                    09/15/2022
      Berhane Tassaw                    Server ID #                Date

Notary Public: Subscribed and sworn before me on this _15th_ day of _September_ in the year of 20 _22_
Personally known to me ___✔___ or _____ identified by the following document:

_____
Notary Public (Legal Signature)

KIFLOM AWETAHENG
Notary Public, Georgia
DeKalb County
My Commission Expires
May 09, 2025

REF: **10281/3**                                          Tracking #: **0093404173**

Fulton County Superior Court
***EFILED***TTM
Date: 9/16/2022 8:59 AM
Cathelene Robinson, Clerk

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| **SOUTHERN GENTRY DEVELOPMENT, LLC** | Case No.:      **2022CV369873** |
| Plaintiff/Petitioner | |
| vs. | |
| **BUCKHEAD PROPERTY DEVELOPMENT NORTH, LLC;** | AFFIDAVIT OF SERVICE OF |
| **BUCKHEAD PROPERTY DEVELOPMENT, LLC; BAY** | **SUMMONS; COMPLAINT; EXHIBITS; GENERAL CIVIL** |
| **MOUNTAIN FUND I, LLC** | **AND DOMESTIC RELATIONS CASE FILING** |
| Defendant/Respondent | **INFORMATION FORM** |

Received by Berhane Tassaw, on the **13th day of September, 2022 at 10:13 AM** to be served upon **Buckhead Property Development, LLC, c/o David Louis Hill, II at 4148 Roswell Road, Atlanta, Fulton County, GA 30342**. On the **14th day of September, 2022 at 1:54 PM**, I, Berhane Tassaw, SERVED **Buckhead Property Development, LLC, c/o David Louis Hill, II at 4140 Roswell Road, Atlanta, Fulton County, GA 30342** in the manner indicated below:

**CORPORATE SERVICE**, by personally delivering 1 copy(ies) of the above listed documents to the named Corporation, by serving **David Louis Hill, II**, on behalf of said Corporation.
THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS: **I delivered the documents to David Louis Hill, II with identity confirmed by subject saying yes when named. The individual accepted service with direct delivery. The individual appeared to be a bald white male contact 35-45 years of age, 5'8"-5'10" tall and weighing 140-160 lbs with glasses.**

Per U.S. Code § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

NAME: _____      N/A            09/15/2022
         Berhane Tassaw                    Server ID #            Date

Notary Public:  Subscribed and sworn before me on this _15th_ day of _September_ in the year of 20_22_
Personally known to me ___✓___ or _____ identified by the following document:

_____
Notary Public (Legal Signature)

KIFLOM AWETAHENG
Notary Public, Georgia
Dekalb County
My Commission Expires
May 09, 2026

REF: 10281/3                                    Tracking #: 0093314413

# EXHIBIT B

Debtor Buckhead Property Development, LLC's Notice of Removal
*Southern Gentry Homes, LLC v. Buckhead Property Development North, LLC,*
*Buckhead Property Development, LLC, and Bay Mountain Fund I, LLC*
Previously Pending in the Superior Court of Fulton County, State of Georgia
Case Number 2022CV369873

Fulton County Superior Court
***EFILED***TV
Date: 9/7/2022 4:36 PM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

### 136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303

### SUMMONS

Southern Gentry Development, LLC

) Case
) No.:

2022CV369873

_____

**Plaintiff,**

**vs.** Buckhead Property Development
North, LLC, Buckhead Property
Development, LLC, Bay
Mountain Fund, I, LLC,

**Defendant**

)
)
)
)
)
)
)
)
)
)
)
)
)

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at
https://efilega.tylerhost.net/ofsweb (unless you are exempt from filing electronically) and serve upon
plaintiff's attorney, whose name and address is:

**John A. Christy**
**Schreeder, Wheeler & Flint, LLP**
**1100 Peachtree Street, NE, Suite 800**
**Atlanta, Georgia 30309**

An answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed
within five (5) business days of such service. Then time to answer shall not commence until such proof of
service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN
AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This_____9/7/2022_____day of_____, 20_____

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court
By_____
Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

Deputy Sheriff

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used

# EXHIBIT C

Debtor Buckhead Property Development, LLC's Notice of Removal
*Southern Gentry Homes, LLC v. Buckhead Property Development North, LLC,*
*Buckhead Property Development, LLC, and Bay Mountain Fund I, LLC*
Previously Pending in the Superior Court of Fulton County, State of Georgia
Case Number 2022CV369873

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2022CV369873**

SEP 23, 2022 01:23 PM

Cathelene Robinson, Clerk
Fulton County Superior Court

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| SOUTHERN GENTRY HOMES, LLC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | |
| | ) | CIVIL ACTION FILE NO. |
| | ) | **2022CV36987S** |
| BUCKHEAD PROPERTY DEVELOPMENT | ) | |
| NORTH, LLC, BUCKHEAD PROPERTY | ) | |
| DEVELOPMENT, LLC AND BAY MOUNTAIN | ) | |
| FUND I, LLC | ) | |
| Defendants. | ) | |

## DEFENDANTS' JOINT MOTION TO DISMISS PURSUANT TO O.C.G.A. 9-11-12(B)(6) and BRIEF IN SUPPORT

COME NOW, Buckhead Property Development North, LLC ("BPD North"), Buckhead Property Development LLC, ("BPD") and Bay Mountain Fund I, LLC ("Bay Mountain") by and through undersigned counsel and files this their Joint Motion to Dismiss Plaintiff's ("SGH") Complaint pursuant to O.C.G.A. §9-11-12(b)(6). As grounds for this Motion, the Defendants state the following:

### INTRODUCTION

1.

Plaintiff's claims are void on their face and fail as a matter of law, Plaintiff does not meet the definition of a creditor of BPD as defined in O.C.G.A. §18-2-71. In addition, should the court determine that SGH is a creditor in possession of an obligation or right to be paid, the complaint fails to set forth sufficient detailed allegations to show any intent of defendants to defraud or avoid Plaintiff's alleged claim as is required by O.C.G.A. §18-2-74. Therefore; the complaint is void on

its face, fails to state a claim upon which relief can be granted and should be dismissed pursuant to O.C.G.A. §9-11-12(b)(6) and all cost incurred in defending awarded to Defendants.

## BACKGROUND

### 2.

SGH has a pending lawsuit, to wit: 2021CV357583 ("2021 pending lawsuit"). This lawsuit, filed against Defendant BPD involves a contract dispute and materialman's lien filed against the Wieuca Park property in 2021 (LB 5118 Page 268). That lawsuit is still pending, it has not been decided that BPD is responsible for paying any monies to SGH. Further, that lawsuit only involves the Wieuca Park property owned by Defendant BPD. The Wieuca Park property contains six (6) lots waiting to be developed. As Plaintiff is aware, each undeveloped lot carries a current appraised value exceeding $700,000-$750,000. Basic math provides a current conservative fair market value of $4.2-$4.7 million dollars. The current complaint filed by SGH attacks a recent transfer of a wholly unrelated parcel owned by BPD, to wit: Ivy Rd. property. Specifically, the transfer of this property into a Special Purpose Entity, to wit: BPD North, LLC made at the request of Bay Mountain in the ordinary course of business.

## ARGUMENT

### 3.

O.C.G.A. $18-2-70 provides a method for a creditor to avoid the transfer of one of its debtors if that transfer is done with the intent to hinder, delay or defraud them or with intent to avoid their claim. Inherent in this code section is the requirement of a debtor, creditor, a transfer and intent. O.C.G.A. § *18-2-1* gives a generic meaning of term "creditor." - While generic meaning of term "creditor," was defined by former Civil Code 1910, § 3215, it was used in former Civil Code 1910, § 2220 (see now O.C.G.A. § *14-4-63*) in its more circumscribed and ordinary meaning as

denoting a current holder of an obligation arising ex contractu. <u>Howard v. Long</u>, *142 Ga. 789, 83 S.E. 852* (1914).

While both contain a dollar amount, neither a pending lawsuit nor a materialman's lien give it's filer an automatic "right to payment" or allow them to possess an "obligation to be paid".

A materialman's lien is notice that is placed on property that makes the owner of a property aware that there are allegations of money owed that directly affects that property and puts a "hold" on the property described. A materialman's lien's "hold" is limited in scope to the property it attaches to. The 2021 litigation, was filed as the necessary step required to pursue the amounts alleged in the Materialman's lien. SGH is pursuing BPD for that amount, which totals $260,869.13. As this litigation is still pending, BPD does not owe SGH a "debt" and SGH possesses no current "obligation to be paid" or "right to payment" as required by O.C.G.A. §18-2-71(3)&(4)&(5)&(6) to be considered a creditor that can assert an action to avoid a transfer. Because these essential elements are missing, SGH does not have standing to bring the current action and cannot assert a claim upon which relief can be granted; therefore, this complaint is void on its face and should be dismissed pursuant to O.C.G.A. §9-11-12(b)(6).

4.

Plaintiff's complaint also fails because Plaintiff has not plead sufficient allegations against Defendants that would show any scheme or intentional action of Defendants designed to fraudulently transfer assets of BPD to avoid a claim of a creditor. Specific detailed allegations that show this intent to defraud or avoid are required by O.C.G.A. §18-2-74. For this reason, Plaintiff's complaint should be dismissed pursuant to O.C.G.A. §9-11-12(b)(6) as it fails to state a claim upon which relief can be granted.

5.

Further still, even if this Court considers the pending 2021 lawsuit referenced above, to be a present

valid claim and right to payment for the benefit of SGH, Plaintiffs have stated that this pending

lawsuit only involves BPD's Wieuca Rd. property. The current fair market value of the Wieuca

Rd. lots, by themselves, carry more than sufficient value to fully cover any claim, should one arise

out of the this pending lawsuit. Therefore, logic prohibits attaching merit to current allegation that

the transfer of any other non-related assets belonging to BPD, LLC would be an action designed

or intended to defraud or avoid any potential claims SGH might acquire through that pending

lawsuit. Therefore; the transfer at issue does not meet the criteria to being avoided as fraudulent

or intended to defraud or avoid a creditor's claim and Plaintiffs complaint once again fails and

should be dismissed pursuant to O.C.G.A. §9-11-12(b)(6) because it states no claim upon which

relief can be granted.

6.

Generally speaking, a pending lawsuit does not put a stay in place or encumber the accounts or

property of an LLC. Nor does a pending lawsuit prohibit an LLC from operating, buying and

selling in the ordinary course of business. As stated above, SGH filed a materialman's liens that

preceded the 2021 lawsuit. This materialman's lien was filed in order to place a "legal hold" on

the Wieuca Park property and that "legal hold" is limited in scope to only the property described

therein, it does not extend to all property owned by BPD. The transfer of the wholly unrelated Ivy

Road property in the ordinary course of business into a Special Purpose Entity, is not prohibited

nor affected by that pending lawsuit. For this reason, Plaintiff's complaint seeking to avoid the

transfer pursuant to O.C.G.A. §18-2-70 fails to state a claim upon which relief can be granted and

should be dismissed.

7.

Plaintiff's complaint is equally void on its face and fails as a matter of law against Defendant Bay Mountain. The complaint doesn't assert sufficient detailed allegations of scheme or bad faith of Bay Mountain. SGH is not a creditor of Bay Mountain and has shown no support for the allegation that Bay Mountain, at the time it requested the transfer of Ivy Rd. property into a SPE was involved in any scheme or intent to hinder, delay, defraud or avoid a creditor of BPD as is required by O.C.G.A. §18-2-74.

The complaint does not pled sufficient allegations that Bay Mountain was even aware of any lawsuit of BPD involving property outside of the scope of Bay Mountain's transaction, which only involved BPD's Ivy Rd. property.

Bay Mountain would have no reason to be aware of the 2021 lawsuit as Bay Mountain's dealings with BPD and BPD North were limited to the Ivy Road property.

As is common practice, Bay Mountain did request that the Ivy Road Property be transferred into a Special Purpose Entity for the purpose of their transaction with BPD North; however, no party involved thought of SGH nor schemed in any way to defraud or avoid any alleged potential claim of SGH. In the course of the transaction, Bay Mountain did perform a search related to BPD North, LLC as well as the Ivy Road property and saw no encumbrance or other hindrance attached to either. Bay Mountain acted in good faith at all times and is a non-party to the SGH vs BPD, Wieuca Rd. lawsuit.

For this reason, Plaintiff's complaint seeking to avoid the transfer pursuant to O.C.G.A. §18-2-70 fails to state a claim upon which relief can be granted and should be dismissed.

8.

Plaintiff is not entitled to an award of attorney fees under O.C.G.A. § 13-6-11. Plaintiff's complaint

is without merit. Plaintiff does not have status of creditor and does not have standing to assert the

allegation contained therein. Further, Plaintiff has not made sufficient allegations that the transfer

meets the requirements of O.C.G.A. §18-2-70. Plaintiff is not entitled to an award of attorney fees.

## CONCLUSION

9.

This current lawsuit fail to state a claim upon which relief can be granted. It's outrageous

allegations are made solely for the intended purpose of a) misleading this Court by claiming SGH

holds an obligation or right to be paid and enjoys the status of a creditor b) to harass Defendants

out of spite and malicious intent to harm, and c) to tortuously interfere in Defendants contract with

Bay Mountain.

Plaintiff's complaint is frivolous and without merit. Plaintiff has filed this action in bad faith, is

being stubbornly litigious and has caused BPD and BPD North and Bay Mountain unnecessary

trouble and expense. Pursuant to O.C.G.A. §9-11-12(b)(6) and  §13-6-11, this complaint should

be dismissed with prejudice and Plaintiff required to reimburse BPD and BPD North and Bay

Mountain for all attorney fees and cost incurred in having to defend it.

**WHEREFORE DEFENDANTS PRAY**:

1. That this Court accept, review and grant Defendants Joint Motion to Dismiss pursuant to
   O.C.G.A. 9-11-12(b)(6) for failure to state a claim upon which relief can be granted;

2. That this Court enter an order Dismissing Plaintiff's complaint with prejudice;

3. That this Court enter an order awarding  Defendants reasonable attorney fees and cost incurred in having to file this Motion;

4. For such other and further relief that this Court feels is just and proper.

Respectfully submitted, this 23rd day of September, 2022.

**PERRIE & ASSOCIATES, LLC**
Khristie Kelly, Ga. Bar # 412755
Attorneys for Defendant
khristiekelly@perrielaw.com

116 Court St.
Calhoun, GA 30701
770.334.3524 (office)
770.855.1094 (direct)

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

SOUTHERN GENTRY HOMES, LLC.                    )
                                               )
                  Plaintiff,                   )
                                               )        CIVIL ACTION FILE NO:
VS.                                            )        2022CV36987S
                                               )
BUCKHEAD PROPERTY DEVELOPMENT                  )
NORTH, LLC, BUCKHEAD PROPERTY                  )
DEVELOPMENT, LLC AND BAY MOUNTAIN              )
FUND I, LLC                                    )
                  Defendants.                  )
                                               )

## CERTIFICATE OF SERVICE

This is to certify that I have this day caused the forgoing *Defendants Joint Motion to Dismiss* to be served on the opposing parties by placing same in the U.S. Mail, proper postage affixed thereto, in an envelope addressed as follows:

SOUTHERN GENRY HOMES, LLC c/o
SCHREEDER, WHEELER & FLINT, LLP
ATTN: JOHN A. CHRISTY
1100 Peachtree St., NE Suite 800
Atlanta, GA 30309
jchristy@swfllp.com

This 23rd day of September, 2022.

**PERRIE & ASSOCIATES, LLC**
Khristie Kelly, GA BAR 412755
Attorney for Defendants

# EXHIBIT D

Debtor Buckhead Property Development, LLC's Notice of Removal
*Southern Gentry Homes, LLC v. Buckhead Property Development North, LLC,*
*Buckhead Property Development, LLC, and Bay Mountain Fund I, LLC*
Previously Pending in the Superior Court of Fulton County, State of Georgia
Case Number 2022CV369873

Fulton County Superior Court
***EFILED***JH
Date: 10/14/2022 5:10 PM
Cathelene Robinson, Clerk

IN THE SUPERIOR COURT FULTON COUNTY
STATE OF GEORGIA

SOUTHERN GENTRY HOMES, LLC,      )
                                 )
          Plaintiff,             )      Civil Action File No.
                                 )      2022CV369873
      v.                         )
                                 )
                                 )
BUCKHEAD PROPERTY DEVELOPMENT    )
NORTH, LLC,  BUCKHEAD PROPERTY   )
DEVELOPMENT, LLC and             )
BAY MOUNTAIN FUND I, LLC,        )
                                 )
          Defendants.            )

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

Southern Gentry Homes, LLC ("**SGH**") responds in opposition to the Motion to

Dismiss  filed by Defendants Buckhead Property Development North, LLC ("**BPD**

**North**"), Buckhead Property Development, LLC ("**BPD**"), and Bay Mountain Fund I, LLC

("**Bay Mountain**") (collectively "**Defendants**"). The Motion must be denied because

Plaintiff is a creditor and holds a claim under the Georgia avoidable transfer act and the

complaint states a cause of action.

### I.      BACKGROUND

As alleged in the Complaint, SGH is a creditor of BPD holding a claim against BPD

in an amount in excess of $325,000. (Compl. at ¶ 5.) SGH's claim originates from having

provided construction services, labor and materials for the improvement of BPD's property

located at 4362 Wieuca Road, Atlanta, Fulton County, Georgia. (Compl. at ¶ 6.)

Importantly, SGH filed suit against BPD to recover on its claim in this Court on December

1

3, 2021 in the case styled *Southern Gentry Homes, LLC v. Buckhead Property Development Group, LLC,* Case No. 2021CV357583 (the **"Collection Action"**). (Compl. at ¶ 7.) At the time SGH filed the Collection Action, BPD was the owner of real property located at 3790 Ivy Road, Atlanta, Fulton County, Georgia (the **"Property"**). (Compl. at ¶ 8.)

BPD North was formed on June 21, 2022—more than six months *after* SGH filed the Collection Action—and the Articles of Organization filed with the Georgia Secretary of State identify the organizer as Zach Calhoun. (Compl. at ¶ 10 and Ex. A attached thereto.) Mr. Calhoun has represented himself as a manager and member of BPD. (*Id.*) In fact, BPD tendered Mr. Calhoun as a corporate representative of BPD for a deposition in the Collection Action. (*Id.*)

On July 15, 2022, just five days before the scheduled 30(b)(6) deposition of BPD in the Collection Action[1], BPD transferred the Property to BPD North by Quitclaim Deed recorded at Deed Book 65941, Page 571 in the Records of the Clerk of the Superior Court of Fulton County, for virtually *no consideration* as shown by the PT-61 form which accompanied the Quitclaim Deed. (Compl. at ¶ 12 and Exs. B & C attached thereto.)

That same day, BPD North encumbered the Property by executing and delivering a Security Deed recorded at Deed Book 65941, Page 573 in the Records of the Clerk of the Superior Court of Fulton County (the "Security Deed") to Bay Mountain. (Compl. at ¶ 13 and Ex. D attached thereto.) Bay Mountain's registered agent in the State of Georgia—

---

[1] BPD's 30(b)(6) deposition was originally scheduled for July 14, 2022. However, at the request of BPD, SGH postponed the deposition and re-noticed it for July 20, 2022. (Compl. at ¶ 9.)

Halperin Lyman, LLC—is the same law firm listed as the registered agent for BPD North with the Georgia Secretary of State. (*Id.*)

The allegations contained in the Complaint—accepting them as true and construing them in the light most favorable to SGH—establish that BPD transferred the Property for no consideration with the actual intent to hinder, delay and defraud SGH, a creditor, in the collection of its claim as contemplated under Georgia law. The allegations also establish that Bay Mountain was complicit in the transfer of the Property from BPD to BPD North and from BPD North to itself; that Bay Mountain knew or is charged with knowing that BPD made the transfer with an actual intent to hinder, delay and defraud SGH; and that Bay Mountain aided and abetted in said transfer such that the transfer was collusive, thus demonstrating that Bay Mountain is not a good faith transferee. Accordingly, the Court must deny Defendants' Motion to Dismiss.

## II.     ARGUMENT AND CITATION OF AUTHORITY

A. Standard of Review

Defendants face an incredibly high bar to prevail on their Motion to Dismiss. Specifically, Defendants' Motion to Dismiss "should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possible introduce evidence within the framework of the complaint sufficient to warrant relief a grant of the relief sought." *Scouten v. Amerisave Mtg. Corp.*, 283 Ga. 72, 73 (2008). And when ruling on a motion to dismiss, a court must construe "all pleadings . . . most favorably to the party who filed them, and all

doubts regarding such pleadings must be resolved in the filing party's favor." *Id*. Here, Defendants cannot meet this exacting burden and as such their Motion to Dismiss must be denied.

B. SGH is a "Creditor" Within the Meaning O.C.G.A. § 18-2-71.

In their Motion to Dismiss, Defendants assert that SGH does not qualify as a "Creditor" under O.C.G.A. § 18-2-71(4). The Court should reject this argument because it flies in the face of the plain language of the statute. Section 18-2-71(4) defines "Creditor" as "a person who has a claim, regardless of when the person acquired the claim, together with any successors or assigns." § 18-2-71(4). In turn, the statute broadly defines "Claim" as "a right to payment, *whether or not the right is reduced to judgment*, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." § 18-2-71(3) (emphasis added).

Applying the plain language of the statute to the instant case establishes that SGH is a "Creditor" with a "Claim" against BPD.[2] Specifically, SGH filed the Collection Action (*i.e.*, the claim) against BPD more than seven months prior to BPD's transferring of the Property to BPD North and BPD North's executing the Security Deed in favor of Bay Mountain. (*See* Compl. at ¶¶ 6, 12.) Contrary to Defendants' argument, SGH need not have reduced its claim in the Collection Action to judgment before seeking relief under the Uniform Voidable Transfers Act ("UVTA"), and the fact that BPD disputes the claim in the Collection Action is irrelevant.

---

[2] SGH filed a motion for summary judgment in the Collection Action.

In addition to the plain language of the UVTA, the Georgia Court of Appeal's decision in *Miller v. Lomax*, 266 Ga. App. 93 (2004), also dictates that SGH is a "Creditor" within the meaning of the statute. The *Miller* court recognized the expansive definition of a claim, and held that the plaintiffs could maintain an action under the UVTA even though they had not yet reduced their "right to payment" to judgment. *Id.* at 96–97. In *Miller*, the plaintiffs sued the defendant's estate and recipients of an alleged fraudulent transfer for fraud, breach of contract, and violations of the UVTA. The court allowed all claims to proceed, including the UVTA claim even though the plaintiffs had not yet established their right to payment under their fraud and breach of contract claims. Put differently, even the disputed right to payment alone was sufficient to make the plaintiffs creditors with a claim under the UVTA. *Id.*; *see also Carter v. Bush*, 216 Ga. 429 (1960) (holding that plaintiff's claim for alimony made her a creditor of defendant even though no judgment for alimony had been rendered when defendant conveyed property to his relatives without consideration during pending action). The same analysis holds true in the case at bar: SGH's claim in the Collection Action qualifies it as a "Creditor" under the UVTA even though said claim has not yet been reduced to judgment.

Based on the foregoing authority, SGH falls squarely within the definition of a "Creditor" with a "Claim" for the purpose of stating a UVTA claim. Thus, Defendants' Motion to Dismiss must be denied.

C. SGH's Has Stated a Claim Under O.C.G.A. § 18-2-74.

Defendants contend that SGH "has not plead sufficient allegations against Defendants that would show any scheme or intentional action of Defendants designed to

fraudulently transfer assets of BPD to avoid a claim of a creditor." (Mot. to Dismiss at 3.)

This argument lacks merit.

> The UVTA provides:
>
> A transfer made or obligation incurred by a debtor is voidable as to the creditor, whether the creditor's claim arose before or after the transfer was made or obligation incurred, if the debtor made the transfer or incurred the obligation: (1) With actual intent to hinder, delay, or defraud any creditor of the debtor . . . .

§ 18-2-74(a)(1). Moreover, the UVTA offers a non-exhaustive list of factors—commonly

known as "badges of fraud"—for courts to consider when determining whether a defendant

made a fraudulent transfer with "actual intent." *See* § 18-2-74(b)(1)–(11). Here, SGH has

plead multiple badges of fraud in support of its UVTA claim.

First, the allegations in the Complaint support the inference that BPD's transfer of

the Property was to an insider—BPD North. *See* § 18-2-74(b)(1) (explaining that transfer

to an insider is considered in determining actual intent). Specifically, Zach Calhoun, who

has represented himself as a manager and member of BPD and who BPD tendered as a

corporate representative in the Collection Action, is listed as the organizer of BPD North.

(*See* Compl. at ¶ 10.) These allegations establish a connection between BPD and BPD

North and cast serious doubt on the legitimacy of the transfer at issue. At minimum, SGH

is entitled to discovery in order to determine the nature and extent of the relationship

between BPD and BPD North.

Second, BPD transferred the Property to BPD North *after* SGH filed the Collection

Action against BPD. *See* § 18-2-74(b)(4) (explaining that whether debtor had been sued

before transfer was made is considered in determining actual intent). Additionally, Mr.

Calhoun did not organize BPD North until six months *after* SGH filed the Collection Action against BPD. (*See* Compl. at ¶ 10.) What's more, BPD transferred the Property to BPD North just five days before BPD's 30(b)(6) deposition in the Collection Action. (*See* Compl. at ¶¶ 9, 12.) Simply put, the timing of both the creation of BPD North and BPD's transfer of the Property to it support a finding that BPD acted with actual intent to hinder, delay, or defraud SGH. *See Burkhalter v. Glennville Bank*, 184 Ga. 147, 154 (1937) ("A sale of land by a debtor pending a lawsuit against him is a circumstance which the just may consider in determining whether the sale is fraudulent as against his creditors.")

Third, and finally, BPD transferred the Property to BPD North for *virtually no consideration. See* § 18-2-74(b)(8) (explaining that whether the debtor received reasonably equivalent value for the asset transferred is considered in determining actual intent). As demonstrated by the PT-61 form accompanying the Quitclaim Deed from BPD to BPD North, the actual value of consideration received by BPD for the transfer of the Property was $10.00. (*See* Compl. at ¶ 12 and Ex. C attached thereto.) This price falls far short of reasonably equivalent value for the Property and as such supports a finding that BPD acted with actual intent to hinder, delay, or defraud SGH.

Because SGH's Complaint contains ample allegations supporting its UVTA claim, SGH is entitled, at a minimum, to a jury resolution of the issue. *See Artrac Corp. v. Austin Kelley Adver., Inc.*, 197 Ga. App. 772, 774 (1990) ("It is well-established that whether a conveyance was made with the intent to delay or defraud creditors is a question of fact for the jury to decide form all the circumstances of the case.") (cleaned up.) Accordingly, Defendants' Motion to Dismiss must be denied.

D. <u>SGH Has Stated a Claim Against Bay Mountain Under the UVTA.</u>

Defendants' also assert that SGH's Complaint fails to state a claim against Bay Mountain. Again, this argument fails because "[a] recipient of a transfer intended to defraud creditors may be subject to a claim by the creditor if the recipient did not take the transfer in good faith and for reasonably equivalent value." *Miller*, 266 Ga. App. at 100 (citing §§ 18-2-77 and 18-2-78).

Here, SGH has expressly alleged that "Bay Mountain was complicit in the transfer[3] of the Property from BPD to BPD North to itself," that it "knew or is charged with knowing that" the transfer was fraudulent, and that it is "not a good faith transferee." (Compl. at ¶ 15.) And in its Motion to Dismiss, Bay Mountain incredibly admits that it instructed BPD to transfer the Property "into a Special Purpose Entity for the purpose of [its] transaction with BPD North." (Mot. to Dismiss at 5.) The Complaint's allegations, coupled with the totality of the circumstances surrounding the transfer of the Property and Bay Mountain's own admissions, demonstrate that Bay Mountain is not a good faith transferee.

Moreover, Defendants' Motion to Dismiss with respect to SGH's claim against Bay Mountain is wholly premature. For instance, whether Bay Mountain acted in good faith, exercised adequate due diligence, or received the Security Deed in the ordinary course of business are all questions of fact for the jury to determine—not resolved on a motion to dismiss. *See Alliant Tax Credit Fund 31-A, Ltd. v. Murphy*, 2014 WL 3955642, at *8 (N.D. Ga. 2014) (finding fact issue as to whether party acted in good faith); *Miller*, 266 Ga. App.

---

[3] As the holder of security deed,  legal title to the Property was transferred to Bay Mountain.

at 98 (holding that a party's exercising of due diligence in the context of a fraudulent conveyance action is a jury question); *Tindall v. H & S Homes, LLC*, 2012 WL 12964903, at *5 (M.D. Ga. 2012) (finding fact issue as to whether transfer was made in the ordinary course of business).

### III.   CONCLUSION

For the within and foregoing reasons, Defendants' Motion to Dismiss should be denied.

This the 14th day of October, 2022.

*/s/ John A. Christy*
JOHN A. CHRISTY
Georgia Bar No. 125518
Stephen Mulherin
Georgia Bar No. 955028
*Attorneys for Plaintiff*

SCHREEDER, WHEELER & FLINT, LLP
1100 Peachtree Street, NE, Suite 800
Atlanta, Georgia 30309
Telephone:   (404) 681-3450
Facsimile:   (404) 681-1046
Email:   jchristy@swfllp.com
K:\10281\3\2022CV369873\Pleadings\MTD Response.docx

## CERTIFICATE OF SERVICE

This is to certify that I have this day filed the within and foregoing PLAINTIFFS'
RESPONSE TO DEFENDANTS' MOTION TO DISMISS, with the Clerk of Court and
served all parties of record  via the Court's electronic filing system and/or by depositing a
copy of the same in the United States first class mail in a properly addressed envelope with
adequate postage affixed thereon to:

Khristie Kelly
Perrie & Associates, LLC
116 Court St.
Calhoun, Georgia 30701
Khristiekelly@perrielaw.com

This the 14th day of October, 2022.

/s/ John A. Christy
John A. Christy
Georgia Bar No. 125518
*Attorney for Southern Gentry Homes, LLC*

SCHREEDER, WHEELER & FLINT, LLP
1100 Peachtree Street N.E., Suite 800
Atlanta, Georgia 30309-4516
Telephone:    (404) 681-3450
Facsimile:    (404) 681-1046
E-mail:        jchristy@swfllp.com

# EXHIBIT E

Debtor Buckhead Property Development, LLC's Notice of Removal
*Southern Gentry Homes, LLC v. Buckhead Property Development North, LLC,*
*Buckhead Property Development, LLC, and Bay Mountain Fund I, LLC*
Previously Pending in the Superior Court of Fulton County, State of Georgia
Case Number 2022CV369873

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2022CV369873**

OCT 20, 2022 10:00 AM

*Cathelene Robinson*
Cathelene Robinson, Clerk
Fulton County Superior Court

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

SOUTHERN GENTRY HOMES, LLC.      )
                                 )
            Plaintiff,           )
                                 )
VS.                              )
                                 )        CIVIL ACTION FILE NO.
                                 )        **2022CV369873**
BUCKHEAD PROPERTY DEVELOPMENT    )
NORTH, LLC, BUCKHEAD PROPERTY    )
DEVELOPMENT, LLC AND BAY MOUNTAIN)
FUND I, LLC                      )
            Defendants.          )
_____)

### DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

COME NOW, Buckhead Property Development North, LLC ("BPD North"), Buckhead Property Development LLC, ("BPD") and Bay Mountain Fund I, LLC ("Bay Mountain") by and through undersigned counsel and respond to Plaintiff's ("SGH") Complaint respectfully stating unto the Court as follows:

1.

Paragraph 1 of Plaintiff's Complaint requires no response from Defendants.

2.

Defendant, BPD North, admits the allegations contained in Paragraph 2.

3.

Defendant, BPD, admits the allegations contained in Paragraph 3.

4.

Defendant, Bay Mountain, admits the allegations contained in Paragraph 4.

5.

Defendants deny Paragraph 5 of Plaintiff's complaint.

6.

Defendants deny that Plaintiff currently possesses a valid "claim" as alleged in Paragraph 6 of

Plaintiff's Complaint; however admit that Plaintiff is seeking to establish a claim in relation to

work performed on Wieuca Road property belonging to Defendant BPD and wholly unrelated to

the property at issue in this current Complaint.

7.

Defendants deny the allegations contained in Paragraph 7 to the extent they indicate the lawsuit

referenced was to "recover" a claim or was in any way a "collection action" of an established

claim. Defendant BPD acknowledges that the lawsuit referenced is an active lawsuit seeking to

"establish" a claim. Defendants BPD North and Bay Mountain do not have requisite knowledge

to admit or deny the allegations set forth in Paragraph 7 of Plaintiff's Complaint as they are not

parties to said lawsuit.

8.

Defendant BPD admits the allegations contained in Paragraph 8. Defendants BPD North and Bay

Mountain do not have requisite knowledge to admit or deny the allegations set forth in Paragraph

7 of Plaintiff's Complaint as they are not parties to said lawsuit and would not know when it was

filed.

9.

Defendant BPD denies the allegations contained in Paragraph 9. Defendant BPD did not request

that any deposition be rescheduled. BPD is aware that undersigned counsel did request the

deposition be postponed as she had just been introduced to and taken the place lead attorney in the case and wanted a few days to review and prepare for the deposition. Defendants BPD North and Bay Mountain do not have requisite knowledge to admit or deny the allegations set forth in Paragraph 7 of Plaintiff's Complaint as they are not parties to said lawsuit

10.

Defendant BPD North admits the allegations contained in Paragraph 10 with regard to the organization date of BPD North; however does not have the requisite information to admit or deny and affirmative assertions of Zach Calhoun in relation to his position with Defendant BPD. Defendants BPD and Bay Mountain do not have requisite knowledge to admit or deny the allegations set forth in Paragraph 10 of Plaintiff's Complaint. Defendant BPD denies that Zach Calhoun made any affirmative assertions or representations that he was the manager of BPD. Defendant BPD does admit that Zach Calhoun was deposed in the prior lawsuit relating to Wieuca Rd. property and that he had been an acting representative on behalf of BPD during the events giving rise to that lawsuit.

11.

Defendants deny the allegations set forth in Paragraph 11 of Plaintiff's Complaint and demand strict proof thereof.

12.

Defendants BPD and BPD North admit the allegations set forth in Paragraph 12 of Plaintiff's Complaint as to the date of the transfer; however, BPD clarifies that the transfer would have been five (5) days prior to the **RE**scheduled deposition, not the originally scheduled deposition. Defendants BPD North and Bay Mountain are without requisite information to admit or deny the

distance between the transfer and any deposition in this prior lawsuit as they are not parties thereto.

13.

Defendants BPD North and Bay Mountain admit that BPD North entered issued a Security Deed to Bay Mountain which attached to 3790 Ivy Rd. Atlanta GA. Defendant BPD can neither admit nor deny Paragraph 13 as it was not a party to any transaction between Defendants BPD North and Bay Mountain.

14.

Defendants BPD North and Bay Mountain deny the allegations set forth in Paragraph 14 of Plaintiff's Complaint and demand strict proof thereof. Defendant BPD denies the allegations in Paragraph 14 as it was not a party to any transaction between Defendants BPD North and Bay Mountain.

15.

Defendant Bay Mountain emphatically denies the outrageous and slanderous allegations contained in Paragraph 15 of Plaintiff's Complaint and demands strict proof thereof. Defendants BPD and BPD North echo such outrage and denial and also demand strict proof thereof.

16.

Defendants deny that Plaintiff is entitled to set aside the transfer as alleged in Paragraph 16 of Plaintiff's Complaint. Plaintiff has not established, nor can it establish the elements required for an order to be issues pursuant to O.C.G.A. §18-2-77.

17.

Defendants deny that Plaintiff has suffered or is entitled to recover any damages as set forth in

Paragraph 17 of Plaintiff's Complaint. Defendants further and emphatically deny the outrageous

and slanderous remaining allegations contained in Paragraph 17 of Plaintiff's Complaint and

demand strict proof thereof.

18.

Defendants deny that Plaintiff is entitled to recover any attorney's fees as set forth in Paragraph

18 of Plaintiff's Complaint. Defendants further and emphatically deny the outrageous and

slanderous allegation of any bad faith action as contained in Paragraph 18 of Plaintiff's

Complaint and demand strict proof thereof.


<u>COUNTERCLAIM</u>

19.

Having fully answered Plaintiff's Complaint, Defendants/Counter-Plaintiffs hereby file

this their Joint Counterclaim, showing this Honorable Court as follows:

20.

Having submitted to same by filing this Action, Jurisdiction and Venue as to Plaintiff is

proper in this court.

<u>COUNT I – TORTIOUS INTERFERNCE WITH CONTRACT</u>

21.

Under Georgia law, a claim for tortious interference of contract results when the Plaintiff

can show: (1) improper action or wrongful conduct by the defendant without privilege;

(2) the defendant acted purposely and with malice with the  intent  to  injure;  (3)  the

defendant induced a breach of a contractual obligation or caused a party or third party to discontinue or fail to enter into an anticipated business relationship with the plaintiff; and (4) the defendant's tortious conduct proximately caused damage to the plaintiff.

22

Plaintiff/Counter Defendant, SGH, has wrongfully filed this frivolous lawsuit solely in an attempt to thwart Defendants BPD and BPD North from operating in the ordinary course of business and selling and/or developing land wholly unrelated and outside the scope of its 2021 lawsuit. Specifically to try an undo a business contract with Defendant Bay Mountain.

23.

Plaintiff/Counter-Defendant, SGH, is a stranger to the contract between BPD North and Bay Mountain and is not acting with privilege. SGH stands to gain no direct financial benefit from that contract. SGH claims that the transfer of the Ivy Rd. property is somehow an effort of all three (3) defendants to defraud SGH because of a 2021 lawsuit that it has against Defendant BPD arising out of development of a wholly unrelated property located on Wieuca Rd. SGH knows that the value of each of the 6 lots making up the Wieuca Rd property carries enough value to cover any resulting claim of that 2021 lawsuit. As such, filing this lawsuit was a wrongful act purposed toward defendants with malice and intent to injure. Specifically aimed at interfering with the contract between BPD North and Bay Mountain by removing the collateral forming the foundation for that contract.

24.

SGH's action, to wit: filing this lawsuit and the outrageous and slanderous claims therein, have caused the intended disruption of this contract. Specifically Bay Mountain has put all funding on hold due to the litigation. This has caused BPD North to incur damages and harm as a direct result of SGH's action.

25

Because of SGH's action, Defendant/Counter-Plaintiff BPD North has been damaged and will continue to be damaged in an amount to be proven at trial.

## COUNT II – SLANDER OF TITLE

26.

Plaintiff/Counter-Defendant has filed this action interfering with Defendant BPD North's used and ownership of the Ivy Rd. property despite knowing that it has no interest, right, title or claim to the Ivy Rd. property either directly or indirectly.

27.

Because of SGH's interference with its use and ownership of the Ivy Rd. property, Defendant/Counter-Plaintiff BPD North has been damaged and will continue to be damaged in an amount to be proven at trial.

COUNT III – ATTORNEY FEES

28

SGH has acted in bad faith, has been stubbornly litigious and has caused Defendant/Counter-Plaintiffs unnecessary trouble and expense. Pursuant to O.C.G.A. §13-6-11, Defendants/Counter-Plaintiffs are therefore entitled to recover reasonable attorney fees and their litigation expenses.

WHEREFORE, DEFANDANTS/COUTNER-PLAINTIFFS PRAY for the following:

a. That Plaintiffs demands be denied and the Complaint be dismissed;

b. That Counter-Plaintiffs claims be granted;

c. That the Court enter judgment against SGH for damages caused to Defendants/Counter-Plaintiffs;

d. That the Court enter judgment against SGH for Defendants/Counter-Plaintiffs' attorney fees and expenses of litigation;

e. For such other and further relief as the Court deems just and appropriate.

Respectfully submitted, this 13th day of October, 2022.

PERRIE & ASSOCIATES, LLC

/s/Khristie L. Kelly

Khristie L. Kelly, GA Bar 412755
Attorneys for Defendant

100 Galleria Parkway, Suite 1170
Atlanta, Georgia 30339
T: (770) 579-2700
F: (404) 214-6509
khristiekelly@perrielaw.com

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| SOUTHERN GENTRY HOMES, LLC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | |
| | ) | CIVIL ACTION FILE NO. |
| | ) | **2022CV36987S** |
| BUCKHEAD PROPERTY DEVELOPMENT | ) | |
| NORTH, LLC, BUCKHEAD PROPERTY | ) | |
| DEVELOPMENT, LLC AND BAY MOUNTAIN | ) | |
| FUND I, LLC | ) | |
| Defendants. | ) | |

## <u>CERTIFICATE OF SERVICE</u>

Defendants hereby certify that they have this day served the foregoing *Defendants'*

*Answer to Plaintiff's Complaint and Counterclaim* upon counsel for Plaintiff via e-filing notice,

email and by placing the same with the USPS with proper postage affixed thereto, as follows:

John A. Christy
SHREEDER, WHEELER & FLINT LLP
1100 Peachtree Street NE, Suite 800
Atlanta, Georgia 30339
jchristy@swfllp.com


PERRIE & ASSOCIATES, LLC


*/s/Khristie L. Kelly*
Khristie L. Kelly, GA Bar 412755
Attorneys for Defendants

100 Galleria Parkway, Suite 1170
Atlanta, Georgia 30339
T: (770) 579-2700
F: (404) 214-6509
khristiekelly@perrielaw.com

# EXHIBIT F

Debtor Buckhead Property Development, LLC's Notice of Removal
*Southern Gentry Homes, LLC v. Buckhead Property Development North, LLC,*
*Buckhead Property Development, LLC, and Bay Mountain Fund I, LLC*
Previously Pending in the Superior Court of Fulton County, State of Georgia
Case Number 2022CV369873

Fulton County Superior Court
***EFILED***if
Date: 10/26/2022 2:47 PM
Cathelene Robinson, Clerk

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

SOUTHERN GENTRY HOMES, LLC. )
 )
   Plaintiff, )
 )
VS. )
 )  CIVIL ACTION FILE NO.
 )  **2022CV369873**
BUCKHEAD PROPERTY DEVELOPMENT )
NORTH, LLC, BUCKHEAD PROPERTY )
DEVELOPMENT, LLC AND BAY MOUNTAIN )
FUND I, LLC )
   Defendants. )
_____)

## **DEFENDANTS' MOTION TO OPEN DEFAULT**

COME NOW, Buckhead Property Development North, LLC ("BPD North"), Buckhead Property Development LLC, ("BPD") and Bay Mountain Fund I, LLC ("Bay Mountain") by and through undersigned counsel and files this their Joint Motion to Open Default pursuant to O.C.G.A. §9-11-55(b).  As grounds for this Motion, the Defendants state the following:

1.

Defendants' Answer to Plaintiff's Complaint in the above-styled action was filed electronically via PeachCourt and was transmitted to the Clerk of Fulton County Superior Court on 10/13/2022 (PeachCourt filing # E-H3VVD4UE) which was within the required 30 day period to file a response.

2.

On 10/20/2022, Counsel for Defendants received notification via e-mail that the Fulton County Superior Court Clerk chose to reject the efiling submitted 7 days prior.  The explanation provided by the Clerk of rejecting the filing was "Wrong case number".

3.

Defendants' Answer to Plaintiff's Complaint was revised to correct the case number and resubmitted via PeachCourt also on 10/20/2022 (PeachCourt filing # E-JSDYBKQP). Defendants' corrected resubmission was accepted by the Clerk on 10/21/2022.

4.

Defendants' Answer was originally filed within 30 days of receiving the complaint; however, Defendant's timely re-submission was prevented due to the Clerk's untimely rejection. This caused the case to go into default.

5.

Defendants' Answer was rejected due to the excusable neglect and inadvertent error of a transposed case number. Said Answer has been resubmitted and accepted and is now of record.

6.

Defendants wish to open default and allow the case to proceed.

**WHEREFORE DEFENDANTS PRAY:**

1. That this Court accept, review and grant Defendants Joint Motion to Open Default pursuant to O.C.G.A. 9-11-55(b);
2. That this Court enter an order opening default;
3. For such other and further relief that this Court feels is just and proper.

Respectfully submitted, this __26th___ day of October, 2022.

By _____ w/ express Permission
**PERRIE & ASSOCIATES, LLC**
Khristie Kelly, Ga. Bar # 412755
Attorneys for Defendant
khristiekelly@perrielaw.com

116 Court St.
Calhoun, GA 30701
770.334.3524 (Office)

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

SOUTHERN GENTRY HOMES, LLC.          )
                                     )
          Plaintiff,                 )
                                     )     CIVIL ACTION FILE NO:
VS.                                  )     2022CV36987S
                                     )
BUCKHEAD PROPERTY DEVELOPMENT        )
NORTH, LLC, BUCKHEAD PROPERTY        )
DEVELOPMENT, LLC AND BAY MOUNTAIN    )
FUND I, LLC                          )
          Defendants.                )
_____)

## CERTIFICATE OF SERVICE

This is to certify that I have this day caused the forgoing ***Defendants Joint Motion to Dismiss*** to be served on the opposing parties via electronic service via PeachCourt and by placing same in the U.S. Mail, proper postage affixed thereto, in an envelope addressed as follows:

SOUTHERN GENRY HOMES, LLC c/o
SCHREEDER, WHEELER & FLINT, LLP
ATTN: JOHN A. CHRISTY
1100 Peachtree St., NE Suite 800
Atlanta, GA 30309
jchristy@swfllp.com

This __26th__ day of October, 2022.

By _____ w/ express Permission
PERRIE & ASSOCIATES, LLC
Khristie Kelly, GA BAR 412755
Attorney for Defendants

# EXHIBIT G

Debtor Buckhead Property Development, LLC's Notice of Removal
*Southern Gentry Homes, LLC v. Buckhead Property Development North, LLC,*
*Buckhead Property Development, LLC, and Bay Mountain Fund I, LLC*
Previously Pending in the Superior Court of Fulton County, State of Georgia
Case Number 2022CV369873

Fulton County Superior Court
***EFILED***RM
Date: 1/10/2023 1:59 PM
Cathelene Robinson, Clerk

**IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA**

| | |
|---|---|
| SOUTHERN GENTRY HOMES, LLC ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | |
| VS. ) | CIVIL ACTION FILE NO. |
| ) | 2022CV369873 |
| BUCKHEAD PROPERTY DEVELOPMENT ) | |
| NORTH, LLC, BUCKHEAD PROPERTY ) | |
| DEVELOPMENT, LLC AND BAY MOUNTAIN ) | |
| FUND I, LLC ) | |
| ) | |
| **DEFENDANTS.** ) | |

**ORDER GRANTING
DEFENDANTS' MOTION TO OPEN DEFAULT**

This matter having come before the Court on Defendants' Motion to Open Default and said Motion having been reviewed and considered, and the arguments of counsel having been heard on December 16, 2022, the Court finds that:

1. The above styled lawsuit was served on defendants September 13th and 14th of 2022.

2. Counsel for Defendants submitted a joint Answer and Counterclaim on October 13, 2022.

3. The original answer contained a scrivener's error in the case number and was rejected.

4. Counsel for Defendants were notified of the rejection on October 20, 2022, and immediately corrected the scrivener's error and resubmitted the Correct Answer and Counterclaim on October 20, 2022.

5. Counsel for Defendants paid to open default with the submission of the corrected Answer and Counterclaim.

*Southern Gentry Homes, LLC. v. Buckhead Property Development North, LLC et. al.*
Civil Action File No. 2022CV369873
Order Granting Defendant's Motion to Open Default
Page 1 of 2

6.  But for the scrivener's error, Defendants original Answer and Counterclaim would

have been accepted and it would have been timely; therefore, proper cause exists for

opening the default, and Defendants have met the procedural requirements set forth in

O.G.G.A. § 9-11-55(b).

For the within and foregoing reasons, Defendants' Motion is hereby **GRANTED**, and the

Clerk of Court is hereby **DIRECTED** that the default shall be opened and the defensive pleadings

allowed as filed.


**SO ORDERED** this 10th day of January,2023.


HONORABLE KIMBERLY M. ESMOND ADAMS
**SUPERIOR COURT OF FULTON COUNTY**
**ATLANTA JUDICIAL CIRCUIT**


**Distribution List:**
*Filed and Served Electronically via Odyssey eFileGA*

*Southern Gentry Homes, LLC. v. Buckhead Property Development North, LLC et. al.*
Civil Action File No. 2022CV369873
Order Granting Defendant's Motion to Open Default
Page 2 of 2

# EXHIBIT H

Debtor Buckhead Property Development, LLC's Notice of Removal
*Southern Gentry Homes, LLC v. Buckhead Property Development North, LLC,*
*Buckhead Property Development, LLC, and Bay Mountain Fund I, LLC*
Previously Pending in the Superior Court of Fulton County, State of Georgia
Case Number 2022CV369873

Fulton County Superior Court
***EFILED***KJ
Date: 6/13/2023 4:29 PM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **SOUTHERN GENTRY HOMES, LLC** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| v. | ) | |
| | ) | 2022CV369873 |
| **BUCKHEAD PROPERTY** | ) | |
| **DEVELOPMENT NORTH, LLC,** | ) | |
| **BUCKHEAD PROPERTY** | ) | |
| **DEVELOPMENT, LLC AND** | ) | |
| **BAY MOUNTAIN FUND I, LLC** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

### NOTICE OF BANKRUPTCY FILING BY DEFENDANT

COMES NOW Defendant Bay Mountain Fund I, LLC and files this notice informing the Court that on June 5, 2023, Defendant Buckhead Property Development, LLC filed a Voluntary Petition, pursuant to Chapter 11 subchapter V of the U.S. Bankruptcy Code, in the U.S. Bankruptcy Court for the Northern District of Georgia. (U.S. Bankruptcy Court, N.D. Georgia. Case No. 23-50755-AEC). Accordingly, Defendant believes that the automatic stay provision of the U.S. Bankruptcy Code (11 U.S.C. § 362(a)) prevents Plaintiff from proceeding in this civil action at this time.

Respectfully submitted this 13th day of June, 2023.

**SCHULTEN WARD TURNER & WEISS, LLP**

 */s/ Kevin L. Ward*
Kevin L. Ward, Georgia Bar No. 737020
Christopher J. Williams, Georgia Bar No. 554092
*Counsel for Defendant*

1

Schulten Ward Turner & Weiss, LLP
260 Peachtree Street, NW, Suite 2700
Atlanta, Georgia 30303
404-688-6800 (Office)
404-688-6840 (Fax)
k.ward@swtwlaw.com
c.williams@swtwlaw.com

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **SOUTHERN GENTRY HOMES, LLC** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| v. | ) | |
| | ) | 2022CV369873 |
| **BUCKHEAD PROPERTY** | ) | |
| **DEVELOPMENT NORTH, LLC,** | ) | |
| **BUCKHEAD PROPERTY** | ) | |
| **DEVELOPMENT, LLC AND** | ) | |
| **BAY MOUNTAIN FUND I, LLC** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a true and correct copy of the foregoing Notice of Bankruptcy Filing by Defendant via Statutory electronic service to the following parties:

John A. Christy
Shreeder, Wheeler & Flint, LLP
1100 Peachtree Street, NE, Suite 800
Atlanta, GA 30339
jchristy@swfllp.com

Respectfully submitted, this 13th of June, 2023

**SCHULTEN WARD TURNER & WEISS, LLP**

*/s/ Kevin L. Ward*
Kevin L. Ward, Georgia. Bar No. 737020
Christopher J. Williams, Georgia Bar No. 554092
*Counsel for Defendant Bay Mountain Fund I, LLC*

3